■ Gavin Giddings, Also Known as Gavin Ggiddings, Respondent, v Century 21 Department Stores, LLC, et al., Appellants, et al., Defendants. [998 NYS2d 645]—

In an action, inter alia, to recover damages for assault and battery, the defendants Century 21 Department Stores, LLC, and Century 21 Stores, LLC, appeal from an order of the Supreme Court, Kings County (Silber, J.), dated March 20, 2014, which denied their motion pursuant to CPLR 510 (1) to change the venue of the action from Kings County to New York County.

Ordered that the order is affirmed, with costs.

A demand to change venue based on the designation of an improper county (see CPLR 510 [1]) "shall be served with the answer or before the answer is served" (CPLR 511 [a]; see Carobert v Baldor Elec. Co., 102 AD3d 905, 906 [2013]; Thomas v Guttikonda, 68 AD3d 853, 854 [2009]). "Thereafter the defendant may move to change the place of trial within [15] days

after service of the demand" (CPLR 511 [b]). Since the appellants failed to serve a timely demand for a change of venue and failed to make a motion for that relief within the statutory time period, they were not entitled to a change of venue as of right, and their motion became one addressed to the court's discretion (*see Carobert v Baldor Elec. Co.*, 102 AD3d at 906; *Thomas v Guttikonda*, 68 AD3d at 854; *Obas v Grappell*, 43 AD3d 431 [2007]). Here, the Supreme Court did not improvidently exercise its discretion in denying the appellants' motion.

The appellants' remaining contention is without merit. Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.